

# Fourth Court of Appeals
## San Antonio, Texas

October 21, 2014

No. 04-14-00246-CR

Destyn David **FREDERICK**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 11-09-00041-CRL
Honorable Donna S. Rayes, Judge Presiding

## O R D E R

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Marialyn Barnard, Justice

Appellant's brief was originally due July 16, 2014. When appellant's brief was not filed, the Clerk of this Court sent appellant's attorney informing him that appellant's brief was late. When appellant's attorney failed to respond to this letter, we ordered appellant's attorney to file appellant's brief on or before August 21, 2014. Instead of filing appellant's brief, on August 18, 2014, appellant's attorney filed a motion for extension of time to file appellant's brief. On August 26, 2014, we granted appellant's extension and ordered appellant's attorney to file appellant's brief on or before September 22, 2014. We warned that no further extensions of time would be granted. Appellant's attorney still did not file appellant's brief but has instead filed yet another motion for extension of time, requesting an additional thirty days. We DENY appellant's motion for extension of time to file his brief, and pursuant to Texas Rule of Appellate Procedure 38.8(b)(2), abate this case to the trial court and ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute his appeal?

(2) Is appellant indigent?

(a) If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, **which may include the appointment of new counsel.**

(b) If the trial court finds that appellant is not indigent, the trial court should determine whether appellant has made the necessary arrangements for filing a brief.

(3) Has appointed or retained counsel abandoned the appeal? **Because initiating contempt proceedings against appellant's counsel may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.** *See* TEX. R. APP. P. 38.8 (b)(4).

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from appellant. The trial court shall, however, order appellant's counsel to be present at the hearing.

We ORDER the trial court to file its written findings of fact and conclusions of law with the trial court clerk no later than thirty days from the date of this order. We ORDER the trial court clerk to file a supplemental clerk's record in this court no later than ten days after the trial court files its findings of facts and conclusions of law. We further ORDER the court reporter to file in this court a supplemental reporter's record of the hearing, along with copies of any documentary evidence admitted, no later than twenty days after the date of the hearing.

All appellate deadlines are ABATED pending further orders from this court.

_Karen Angelini_
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of October, 2014.

_Keith E. Hottle_
Keith E. Hottle
Clerk of Court